IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| COACH, INC., ET AL. | * | |
| --- | --- | --- |
| vs. | * | Civil No. CCB-10-2178 |
| BEACHBREAK, ET AL. | * | |

| COACH, INC., ET AL. | * | |
| --- | --- | --- |
| vs. | * | Civil No. CCB-10-2179 |
| HOT TOPIK, ET AL. | * | |

| COACH, INC., ET AL. | * | |
| --- | --- | --- |
| vs. | * | Civil No. CCB-10-2181 |
| OCEAN REEF, ET AL. | * | |

| COACH, INC., ET AL. | * | |
| --- | --- | --- |
| vs. | * | Civil No. CCB-10-2182 |
| SUMMER BREEZE, ET AL. | * | |

| COACH, INC., ET AL. | * | |
| --- | --- | --- |
| vs. | * | Civil No. CCB-10-2184 |
| SURF BEACHWEAR | * | |

| COACH, INC., ET AL. | * | |
| --- | --- | --- |
| vs. | * | Civil No. CCB-10-2185 |
| THE FASHION SHOP | * | |

| | |
|---|---|
| COACH, INC., ET AL. | * |
| | * |
| vs. | Civil No. CCB-10-2186 |
| OCEAN WAVES & SUNSET BEACHWEAR, ET AL. | * |
| | * |

---

| | |
|---|---|
| COACH, INC., ET AL. | * |
| | * |
| vs. | Civil No. CCB-10-2187 |
| OCEANFASHION BOUTIQUE/SUNGLASS CITY, ET AL. | * |
| | * |

******

## MEMORANDUM

Plaintiff Coach, Inc. and Coach Services, Inc. ("Coach") have filed motions for default judgment in the above-captioned cases seeking damages, injunctive relief, costs, fees, and expenses. The affidavits submitted in support of the motions establish that investigators working for Coach purchased counterfeit merchandise at various Maryland businesses. Without authorization, the defendants' stores sold items such as scarves and handbags that carried a false or counterfeit Coach logo. Coach has established by its complaints and affidavits, to which the defendants did not respond despite proper service, that it is entitled to judgment on its trademark and copyright infringement and related claims. *See Partington v. Am. Intern. Specialty Lines Ins. Co.*, 443 F.3d 334, 342 (4th Cir. 2006) (default rendered factual allegations established against defendant).

Coach also is entitled to an appropriate award of damages and injunctive relief. Under the Lanham Act, a plaintiff may recover as statutory damages "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). For a willful violation, the maximum

increases to $2,000,000 per mark per type of good. 15 U.S.C. § 1117(c)(2). Coach seeks a $2,000,000 award in each case but has offered no specific explanation why this amount is justified.

The court has wide discretion in determining an appropriate award, considering the need for both compensation of the plaintiff and deterrence of the defendant, as well as awards in comparable cases. *Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 583-84 (E.D. Pa. 2002); *see also Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009). I have reviewed various other cases involving awards to Coach for sale of counterfeit merchandise. *See, e.g., Coach, Inc. v. Ocean Points Gifts*, No. 09-4215, 2010 WL 2521444 (D.N.J. June 14, 2010); *Coach, Inc. v. Cellular Planet*, No. 09-00241, 2010 WL 2572113 (S.D. Ohio June 22, 2010); *Coach Servs., Inc. v. KYA Int'l*, No. 09-4656, 2010 WL 2771907 (S.D.N.Y. July 12, 2010); *Coach Servs., Inc. v. Cheap Sunglasses*, No. 09-1059, 2010 WL 2696799 (S.D. Cal. July 6, 2010); *Coach, Inc. v. Reggae Hot Spot*, No. 10-4902, 2010 WL 5536521 (S.D.N.Y. Dec. 7, 2010). The range of damages awarded is extensive, depending on such factors as the extent of the violations (e.g. sale on the internet or through catalogs as opposed to a sale at a small retail store) and whether there are repeated violations.

These cases all involve what appear to be retail stores in the Ocean City area. Investigators went to the store on one day, purchased one (or occasionally two) items, and estimated the number of other apparently counterfeit items on display. Prices of the items purchased ranged from $20 to $80. Considering these facts and the cases cited above, the court has determined that an award of $10,000 in statutory damages, inclusive of costs and fees, is sufficient to compensate Coach and deter the defendants from future violations. Injunctive relief also will be granted.

A separate Order will be entered in each case.

Date: June 6, 2011

/s/
Catherine C. Blake
United States District Judge